UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE M. TALE, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-2335 |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HOMELAND SECURITY, | § | |
| | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's motion for a temporary restraining order and for preliminary and permanent injunctions barring the Department of Homeland Security ("DHS") from deporting him prior to the resolution of his claims pending before an immigration judge. After reviewing the parties' filings and oral arguments and the applicable law, the Court finds that Plaintiff's application should be and is hereby **DENIED**.

Plaintiff asserts that this Court possesses jurisdiction over his case pursuant to 28 U.S.C. §§ 2241 *et seq.* As DHS points out, however, Plaintiff's claims are governed by the REAL ID Act, Pub. L. No. 109-13, 119, Stat. 231, (codified at, *inter alia*, 8 U.S.C. § 1252), which divests all district courts of jurisdiction over challenges to final orders of removal. Section 1252(a)(5), by its express terms, applies "[n]otwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of Title 28 . . . .*" *Id.* § 1252(a)(5) (emphasis added). A subsequent paragraph of § 1252 provides that no court may "enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title . . . ." *Id.* §

1

1252(e)(1)(A). Section 1225(b)(1), in turn, governs orders of removal without hearing, such as the order issued by DHS in this case. *Id.* § 1225(b)(1). Accordingly, because the applicable statute does not confer jurisdiction upon this Court, Plaintiff's application for injunctive relief must be, and hereby is, **DENIED**.[1]

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 13th day of July, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[1] The Court is not unsympathetic to Plaintiff's position and would encourage the government to delay his removal from the country until his claims can be resolved by the proper tribunal(s). However much this Court might wish to come to Plaintiff's aid, however, it cannot arrogate to itself the power to do so when that power has been explicitly denied by Congress.